**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| DAVID CHENG, M.D., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:11-cv-10007 |
| LAURA ROMO, M.D., | ) ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action by David Cheng, M.D. ("Cheng") against Laura Romo, M.D. ("Romo") to recover damages for Romo's willful and knowing violations of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, and Mass. Gen. Laws ch. 214, § 1B. As set forth more fully herein, Romo purposefully and knowingly accessed Cheng's personal and private emails on several occasions without authorization.

### **I. PARTIES, JURISDICTION AND VENUE**

1. David Cheng, M.D. is an individual residing at 7 Howland Farm Road, East Greenwich, Rhode Island.

2. Upon information and belief, the defendant Laura Romo, M.D. is an individual residing at 7 Old Stable Drive, Mansfield, Massachusetts.

3. This Court may exercise personal jurisdiction over Romo because she is a resident of the Commonwealth of Massachusetts and committed the acts complained of herein in the Commonwealth of Massachusetts.

4. This Court has subject matter jurisdiction over Cheng's federal statutory claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Cheng's state statutory claim

pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Romo resides in this judicial district and because a substantial part of the events giving rise to Cheng's claims occurred within this judicial district.

## II.  CHENG'S CLAIMS

6.  Cheng is a board-certified radiologist specializing in body imaging studies.  From 2000 to the present, Cheng has worked for Advanced Radiology, Inc. ("Advanced"), a medical practice with several locations in Rhode Island that provides various medical imaging services.  Cheng became a shareholder of Advanced in 2003.

7.  For several years, Cheng has maintained an email account (the "Account") provided by Yahoo! Inc. ("Yahoo!") for both personal and business purposes, and has used the Account to send and receive intrastate and interstate emails.  In order to access a Yahoo! email account, a user must enter a login name and password.

8.  Romo began contract work for Advanced as a neuroradiologist in 1999 and became a salaried employee in July of 2000.  Romo became a shareholder of Advanced in 2003, at the same time as Cheng.

9.  In or around July of 2000, Cheng and Romo exchanged email passwords to their respective Yahoo! email accounts for the sole purpose of accessing medical reports conducted for Advanced on the rare occasion that either Cheng or Romo needed to amend such reports remotely.

10. The need for Cheng and Romo to access each other's email accounts ended by no later than July of 2002, when Advanced purchased and installed a new software system, RISLogic, that obviated the need to access reports via email.

11. At no time, either before or after the installation of the RISLogic software, did Romo ask Cheng for permission to access his Account for purposes other than to amend medical reports, and Cheng never gave her such permission.

12. Upon information and belief, Romo was aware that she did not have permission to access Cheng's Account for any purpose other than to amend medical reports.

13. Starting in or about November 2007 and continuing until sometime after May 20, 2008, Romo knowingly and intentionally accessed Cheng's Account from her home in Mansfield, Massachusetts on no fewer than five occasions.

14. Romo did not request Cheng's authorization to access his Account on these occasions, and did not tell him that she had done so.

15. Romo had no legitimate business reason for accessing Cheng's Account without his knowledge or permission.

16. On these occasions, Romo searched Cheng's Account for personal emails of a private nature between Cheng and another Advanced employee, Patricia Cunningham ("Cunningham"), and accessed and read several personal and private emails in the Account.

17. Upon information and belief, Romo was aware that she was not authorized to access Cheng's Account for this purpose.

18. Romo printed at least ten personal emails between Cheng and Cunningham without Cheng's permission or knowledge. After printing these emails, Romo supplied copies to her husband, John Romo, M.D. ("Dr. John Romo").

19. On or about October 27, 2010, Dr. John Romo produced these emails in connection with a lawsuit that he commenced in 2009 in the Superior Court of Rhode Island against Advanced and its president, entitled "*John D. Romo, M.D. v. Advanced Radiology, Inc.,*

*et al.*, Civil Action Number 09-0229" (the "Dr. John Romo Action").

20. Prior to October 27, 2010, Cheng was unaware that Romo had accessed his Account and printed his personal and private emails without authorization, and had no reason to suspect, nor any reasonable opportunity to discover, Romo's access.

## COUNT I
(Unlawful Access to Stored Communications in Violation of 18 U.S.C. § 2701, *et seq.*)

21. Cheng repeats and reavers paragraphs one through twenty herein.

22. Romo knowingly and intentionally accessed, without authorization (or in excess of authorized access), a facility through which Cheng's electronic communications are provided and thereby obtained access to such electronic communications while they were in storage in violation of 18 U.S.C. § 2701(a).

23. By virtue of the foregoing, Romo is liable to Cheng for her violation of 18 U.S.C. § 2701, *et seq.*, in an amount to be determined at trial but in any event not less than $1000 per incident of unauthorized access, together with interest, costs, and attorneys' fees.

24. Furthermore, due to Romo's willful and intentional violation of 18 U.S.C § 2701, *et seq.*, this Court is authorized to award, and Cheng specifically seeks, punitive damages in an amount this Court deems appropriate.

## COUNT II
(Invasion of Privacy in Violation of Mass. Gen. Laws ch. 214, § 1B)

25. Cheng repeats and reavers paragraphs one through twenty-four herein.

26. Cheng had a reasonable expectation of privacy regarding all communications sent from, received by, or stored in the Account.

27. In furtherance of his expectation of privacy, Cheng engaged in communications of a personal and private nature.

28. Romo had, and continues to have, no right to access or view Cheng's personal emails.

29. Romo unreasonably interfered with and violated Cheng's privacy by intentionally, and without authorization, accessing Cheng's emails that contained personal and private information.

30. Romo provided copies of Cheng's personal and private emails to Dr. John Romo with no legitimate reason for doing so.

31. Romo acted with the knowledge that Cheng's emails were of a personal and private nature, thereby substantially and seriously interfering with Cheng's right to privacy in violation of Mass. Gen. Laws ch. 214, § 1B.

32. By virtue of the foregoing, Romo is liable to Cheng for her violation of Mass. Gen. Laws ch. 214 § 1B in an amount to be determined at trial, together with interest and costs.

### III. RELIEF REQUESTED

WHEREFORE, the plaintiff David Cheng, M.D. hereby requests that this Court grant Judgment against defendant Laura Romo, M.D., as follows:

1. On Counts I and II, awarding Cheng damages against Romo in an amount to be determined at trial, but which is currently not less than $5,000, together with interest and costs;

2. On Count I, awarding Cheng special damages against Romo for all attorneys' fees, costs and disbursements incurred in this action, in an amount to be determined at trial;

3. On Count I, ordering Romo to pay punitive damages in an amount it deems just and appropriate; and

4. For all other and further relief as the Court deems just and appropriate.

***PLAINTIFF DAVID CHENG, M.D. HEREBY REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.***

DAVID CHENG, M.D.,

By his attorneys,

/s/ *Dawn Mertineit*
Peter S. Brooks (BBO #058980)
Dawn Mertineit (BBO #669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone:  (617) 946-4800
DATED:  January 4, 2011                Facsimile:    (617) 946-4801

6