UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID CHENG, M.D., ) | |
|          Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 1:11-cv-10007 |
| ) | |
| LAURA ROMO, M.D., ) | |
|          Defendant ) | |

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant Laura Romo, M.D. answers Plaintiff David Cheng, M.D.'s Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admitted.

3. The allegations contained in paragraph 3 state conclusions of law to which no response is required.

4. The allegations contained in paragraph 4 state conclusions of law to which no response is required.

5. The allegations contained in paragraph 5 state conclusions of law to which no response is required.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6. Defendant admits the remainder of the allegations contained in paragraph 6.

7. Admitted that Plaintiff maintained a Yahoo! email account that he used for business purposes and that a login name and password were associated with such account.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in the second sentence of paragraph 8. Defendant denies the remainder of the allegations contained in paragraph 8.

9. Admitted that in or about July of 2000 Defendant and Plaintiff exchanged email passwords and Plaintiff gave Defendant access to his Yahoo! account. Defendant denies the remainder of the allegations contained in paragraph 9.

10. Denied.

11. Admitted that Defendant did not affirmatively ask Plaintiff for permission to access his Account. Defendant denies the remainder of the allegations contained in paragraph 11.

12. Denied.

13. Admitted that Defendant accessed Plaintiff's Account from her home on no fewer than five occasions. Admitted that Defendant accessed said account in or about late 2007 and into 2008, as late as May 20, 2008. Defendant lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 13.

14. Admitted that Defendant did not tell Plaintiff that she had accessed his Account on these occasions. The remainder of the allegations contained in paragraph 14 set forth conclusions of law to which no response is required.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Defendant printed emails between Plaintiff and Cunningham and that she provided such emails to her husband. Defendant denies the remainder of the allegations contained in paragraph 18.

19. Admitted that Dr. John Romo produced such emails Bates-labeled in the format "JDRXXXX" in connection with the Dr. John Romo Action. Defendant lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 19.

20. Denied that Plaintiff had no reason to suspect that Defendant had accessed his email account. Defendant lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20.

## COUNT I

21. Defendant restates and incorporates herein her responses to paragraphs 1 through 20 of the Complaint.

22. Denied.

23. Denied.

24. Denied.

## COUNT II

25. Defendant restates and incorporates herein her responses to paragraphs 1 through 24 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

Defendant gives notice to Plaintiff that Defendant intends to raise any other Affirmative Defenses, Counterclaims and/or Third-Party Claims that may become apparent during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting his claims because of his own word and deed, including his provision of authority and/or permission for email access to Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in party by a lack of justifiable reliance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Defendant's alleged conduct is not covered by 18 U.S.C. §§ 2701, et seq. or M.G.L. ch. 241, § 1B.

### EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant acted under privilege.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims damages under his legal claims, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Defendant had no control.

Wherefore, Defendant prays that the Court dismiss this action and award Defendant its costs, including reasonable attorneys' fees.

LAURA ROMO, M.D.,

By her Attorneys,

Joseph V. Cavanagh, III
Karen A. Pelczarski       BBO #547667
Joseph V. Cavanagh, III  BBO #657671
BLISH & CAVANAGH LLP
30 Exchange Terrace
Providence, RI  02903-1765
Telephone:   (401) 831-8900
Telecopy:    (401) 490-7640
kap@blishcavlaw.com
jvc3@blishcavlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2011, the within document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all parties, represented as follows:

Peter S. Brooks, Esq.
Dawn Mertineit, Esq.
Seyfarth Shaw LLP
pbrooks@seyfarth.com
dmertineit@seyfarth.com

               Joseph V. Cavanagh, III