## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID CHENG, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:11-cv-10007 |
| | ) | |
| LAURA ROMO, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's January 7, 2013 Order, Plaintiff David Cheng, M.D. ("Plaintiff" or "Cheng"), hereby requests that the Court instruct the jury in accordance with the proposed instructions annexed hereto.

DAVID CHENG, M.D.,

By his attorney,

_____/s/ Zachary W. Berk_____
Peter S. Brooks (BBO #058980)
pbrooks@saul.com
Zachary W. Berk (BBO #663575)
zberk@saul.com
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA  02116
Tel:  (617) 723-3300
DATED: April 12, 2013                    Fax:  (617) 723-4151

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 12, 2013.

_____/s/ Zachary W. Berk_____
Zachary W. Berk

## CHENG JURY INSTRUCTION NO. 1
### (Evidence In The Case)

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §101:40 (6th ed.)

## CHENG JURY INSTRUCTION NO. 2
### (Direct And Circumstantial Evidence)

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §101:42 (6th ed.)

## CHENG JURY INSTRUCTION NO. 3
### (Credibility Of Witnesses)

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §101:43 (6th ed.)

## CHENG JURY INSTRUCTION NO. 4
### (Preponderance Of The Evidence)

Plaintiff, Dr. Cheng, has the burden in a civil action, such as this, to prove every essential element of his claims by a preponderance of the evidence. If Dr. Cheng should fail to establish any essential element of a claim by a preponderance of the evidence, you should find for defendant, Dr. Romo, as to that claim.

Dr. Romo, as the defendant, has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §104:01 (6th ed.)

## CHENG JURY INSTRUCTION NO. 5
### (Inferences)

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §104:20 (6th ed.)

## CHENG JURY INSTRUCTION NO. 6
### (Impeachment – Inconsistent Statement Or Conduct)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §105:04 (6th ed.)

## CHENG JURY INSTRUCTION NO. 7
### (Effect Of Prior Inconsistent Statement)

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §105:09 (6th ed.)

## CHENG JURY INSTRUCTION NO. 8
### (Stored Communications Act, 18 U.S.C. § 2701, *et seq.*)

Dr. Cheng has asserted a claim against Dr. Romo for violation of the Stored

Communications Act ("SCA"), 18 U.S.C. § 2701(a). You shall find your verdict for Dr. Cheng

on his claim that Dr. Romo violated the SCA if he proves by a preponderance of the evidence:

(1) Dr. Romo knowingly or intentionally;

(2) accessed Dr. Cheng's e-mail account without authorization or in excess of her

authorization; and

(3) in so doing, she obtained access to Dr. Cheng's e-mail while it was being stored in his

e-mail account.

AUTHORITY: 18 U.S.C. §§ 2701(a) and 2707(a).

## CHENG JURY INSTRUCTION NO. 9
### (Authority to Access E-mail Account)

One of the fundamental questions you must decided in this case is whether and to what extent, if any, Dr. Romo had authorization to access Dr. Cheng's e-mail account. A lack of authorization may be implicit, rather than explicit. You must find that Dr. Romo did not have authorization to access Dr. Cheng's e-mail account if the evidence shows that she did not have permission to log in to his e-mail account. If you find that Dr. Romo had authorization to access Dr. Cheng's e-mail account, you must find that Dr. Romo exceeded that authorization if she used her access to the e-mail account to obtain information therein that she was not entitled to see. Whether Dr. Romo had permission to access Dr. Cheng's e-mail account or was entitled to see certain information in Dr. Cheng's e-mail account should be determined based on expected norms of intended use.

AUTHORITY: *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631, 636 (E.D.Va. 2009) (citing *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007)); *Cheng v. Romo*, 11-cv-10007-DJC, 2012 WL 6021369, at *3-4, n.3 (D.Mass. Nov. 28, 2012) (citing *Penrose Computer Marketgroup v. Camin*, 682 F.Supp.2d 202, 211 (N.D.N.Y. 2010); *Nucor Steel Marion, Inc. v. Mauer*, No. 10-cv-327-SM, 2010 WL 5092774, at *5 (D.N.H. Dec. 7, 2010)); *Executive Security Mgmt., Inc. v. Dahl*, No. CV 09-9273 CAS, 2011 WL 5570140, at * 19 (C.D.Cal. Nov. 15, 2011).

## CHENG JURY INSTRUCTION NO. 10
**(Intentional Act Under The SCA)**

An act is done knowingly or intentionally under the SCA if one's conduct or the result of one's conduct is one's conscious objective. An act is not intentional if it is the product of inadvertence or mistake. The intent requirement of the SCA is met if the evidence shows that Dr. Romo had consciously entered Dr. Cheng's e-mail account without proper authorization.

AUTHORITY: *Thayer Corp. v. Reed*, No. 2:10-cv-00423-JAW, 2011 WL 2682723, at *4-6 (D.Me. July 11, 2011).

## CHENG JURY INSTRUCTION NO. 11
### (Massachusetts Privacy Act, M.G.L. c. 214, § 1B)

In addition to the SCA, Dr. Cheng has brought a claim against Dr. Romo for invasion of privacy based on her conduct. Under the Massachusetts Privacy Act, M.G.L. c. 214, § 1B, a person has the right to be free from unreasonable and substantial or serious interference with his or her privacy. To recover, Dr. Cheng must prove by a preponderance of the evidence that Dr. Romo's conduct constituted

(1) an unreasonable; and

(2) a substantial or serious interference with Dr. Cheng's privacy.

This notion of privacy is founded on the idea that individuals may protect certain documents, letters, photographs or private conduct which are no business of the public and the publicizing of which is, therefore, offensive. For example, a person would have a reasonable privacy interest in facts of a highly personal or intimate nature that have not been left open to the public eye or previously made public, such as sexual relations, family quarrels, many unpleasant or humiliating illnesses, intimate personal letters or intimate details of one's life. When such intimate details are made public in a manner highly offensive to the ordinary person, there is an actionable invasion of privacy.

AUTHORITY: Massachusetts Superior Court Civil Practice Jury Instructions, § 7.2 (MCLE 2011); M.G.L. c. 214, § 1B.

### CHENG JURY INSTRUCTION NO. 12
**(Legitimate Interest Defense)**

The right to privacy is not absolute. In our industrial and densely populated society some intrusions into one's privacy sphere are inevitable and the law does not provide a remedy for every intrusion. As such, the law requires that you balance the strength of the plaintiff's privacy interest against any legitimate countervailing interest that the defendant may have in committing the intrusion.

AUTHORITY: Massachusetts Superior Court Civil Practice Jury Instructions, § 7.3 (MCLE 2011).

## CHENG JURY INSTRUCTION NO. 13
### (Balancing Competing Interests)

Balancing the parties' interests, you should take into consideration the nature of Dr. Romo's interest, any legitimate public interest, as well as the relative strength of Dr. Cheng's privacy interest. The strength of Dr. Cheng's privacy interest depends on the surrounding facts and circumstances, and requires you to determine the reasonableness of Dr. Cheng's expectation of privacy. For example, a plaintiff's expectation of privacy may vary depending on his job duties and responsibilities, the degree to which he has attempted to ensure his privacy, whether the information was already in the public domain, the nature of the personal or intimate information being sought, and the existence and scope of any policy or regulation governing the subject matter of the information. Similarly, you should take into consideration factors concerning the intrusiveness of the inquiry, how well tailored the inquiry is to achieving Dr. Romo's interests, any procedural safeguards used to protect Dr. Cheng's privacy, and any possibility that the inquiry may reveal private facts unconnected to Dr. Romo's interests.

AUTHORITY: Massachusetts Superior Court Civil Practice Jury Instructions, § 7.4 (MCLE 2011).

## CHENG JURY INSTRUCTION NO. 14
### (Actual Damages - SCA)

If you find that Dr. Cheng has proven each element of his SCA claim, you must then consider the issue of damages. Dr. Cheng is entitled to recover all actual, or compensatory, damages that he has proven by a preponderance of the evidence were caused by Dr. Romo's violation. Such damages include compensation for the mental anguish or emotional distress Dr. Cheng may have suffered and any economic loss that Dr. Romo's conduct was a substantial factor in bringing about, and which was reasonably foreseeable to Dr. Romo at the time of the violation. Damages for mental anguish and emotional distress can be recovered solely on the basis of witness testimony. Dr. Cheng may recover for his humiliation, damage to his reputation, harm to his relationships, including his marriage, stress, depression, anxiety, difficultly sleeping, embarrassment, shame, hurt, or any other mental anguish or emotional distress he proves, without demonstrating any physical injury. While further evidence of a plaintiff's suffering may be considered, such as whether a plaintiff sought medical treatment or counseling, or exhibited a physical manifestation of his mental suffering, there is no such requirement a plaintiff provide such evidence to be entitled to a monetary recovery. Whether to award Dr. Cheng actual damages and the amount of those damages are within your sound discretion.

AUTHORITY: *Birdsall v. Coolidge*, 93 U.S. 64 (1876); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974); *Steele v. Title Realty Co.*, 478 F.2d 380, 384 (10th Cir. 1973); *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509, 513-14 (5th Cir. 1982) (per curium); *Trainor v. HEI Hospitality, Inc.*, 699 F.3d 19, 32 (1st Cir. 2012); *Sanchez v. P.R. Oil Co.*, 37 F.3d 712, 723 (1st Cir. 1994); *Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 35 (1st Cir. 1999); *Rodriguez-Torres v. Caribbean Forms Mfg., Inc.*, 399 F.3d 52, 63 (1st Cir. 2005); *McDonough v. City of Quincy*, 452 F.3d 8, 22 (1st Cir. 2006); *Soto-Lebron v. Fed. Express Corp.*, 538 F.3d 45, 65 (1st Cir. 2008).

## CHENG JURY INSTRUCTION NO. 15
### (Statutory Damages - SCA)

Under the SCA, Dr. Cheng is entitled to recover a statutory sum of at least $1,000 for

each time Dr. Romo violated the Act by accessing Dr. Cheng's e-mail account. Therefore, if you

find that Dr. Romo violated the SCA, you must determine the number of times that she accessed

Dr. Cheng's e-mail account without authorization. In making that determination, you may draw

from the facts you find have been proved such reasonable inferences as seem justified in light of

your experience.

AUTHORITY: *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F.Supp.2d 417, 428-29 (S.D.N.Y. 2010); *In re Hawaiian Airlines, Inc.,* 355 B.R. 225, 231-33 (D.Haw. 2006); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §104:20 (6th ed.).

## CHENG JURY INSTRUCTION NO. 16
### (Punitive Damages - SCA)

In addition to the damages already mentioned, the law permits you to award a person subject to a violation of the SCA punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Dr. Cheng and against Dr. Romo on his SCA claim and if you find Dr. Romo's violations of the SCA were willful or intentional, then, in addition to any other damages to which you find Dr. Cheng is entitled, you may, but are not required to, award Dr. Cheng an additional amount as punitive damages if you find it is appropriate to punish Dr. Romo or deter Dr. Romo and others from like conduct in the future. Whether to award Dr. Cheng punitive damages and the amount of those damages are within your sound discretion. Should you determine an award of punitive damages is warranted, factors you may consider in determining the amount of the award include the degree of reprehensibility of Dr. Romo's conduct, the magnitude of harm caused, whether the conduct involved repeated actions or was an isolated incident, and whether the harm was the result of intentional malice, trickery, or deceit. The amount of punitive damages do not necessarily need to correlate to the amount of any award of actual damages.

AUTHORITY: 18 U.S.C. § 2707(c); *Wyatt Tech. Corp. v. Smithson*, No. CV 05-1309(DT), 2006 WL 5668246, at *11-12 (C.D.Cal. Aug. 14, 2006), *rev'd on other grounds*, 345 Fed.Appx. 236 (9th Cir 2009); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F.Supp.2d 417, 429 (S.D.N.Y. 2010); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §168:62 (6th ed.); *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 706 (1st Cir. 1995); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993); *State Farm Mut. Auto. Ins. Co. v. Campell*, 538 U.S. 408, 419 (2003).

## CHENG JURY INSTRUCTION NO. 17
**(Punitive Damages – Consideration Of Defendant's Wealth)**

If, in your discretion, you decide to award punitive damages, you are instructed that, in determining the amount of such punitive damages, you may take into consideration the wealth of the defendant. However, in determining or considering the question of wealth of the defendant, you are to be guided exclusively and solely by the evidence before you.

AUTHORITY: *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 706 (1st Cir. 1995); 87 A.L.R.4th 141; 16B Am. Jur. Pl. & Pr. Forms Libel and Slander § 301.

## CHENG JURY INSTRUCTION NO. 18
### (Privacy Act Damages)

If the Dr. Cheng has proven that Dr. Romo's conduct constituted an unreasonable and substantial or serious interference with his privacy, he is entitled to an award of monetary damages. In assessing damages you may consider and award damages to compensate Dr. Cheng for the following:

(a) the harm to his interest in privacy resulting from the invasion;

(b) his mental or emotional distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) special damage of which the invasion is a cause. In other words, such economic loss of which Dr. Romo's conduct was a substantial factor in bringing about, and which was reasonably foreseeable to Dr. Romo at the time of the invasion of privacy.

Damages for mental suffering are recoverable without the necessity of showing actual physical injury, and damages may be awarded for mental suffering alone without either physical harm or pecuniary loss resulting from the invasion. In other words, Dr. Cheng may recover for his humiliation, stress, embarrassment and hurt without demonstrating any physical injury.

AUTHORITY: Massachusetts Superior Court Civil Practice Jury Instructions, § 7.7 (MCLE 2011); Restatement (Second) of Torts, § 652H (1977); 32 Am. Jur. Trials 105, § 7 (2004); *Trevino v. Southwestern Bell Tel. Co.*, 582 S.W.2d 582, 584 (Tex.Civ.App. 1979); *Fairfax Hosp. v. Curtis*, 492 S.E.2d 642, 647 (Va. 1997).

**CHENG JURY INSTRUCTION NO. 19**
**(Adverse Inference Based on Destruction of Evidence)**

If the evidence indicates that Dr. Romo destroyed evidence relevant to a pending lawsuit

or destroyed evidence that may be relevant to a lawsuit that could arise in the future, you may

reasonably infer that Dr. Romo probably did so because the evidence would harm her case. Dr.

Cheng need not have offered direct evidence of a cover-up for you to infer that Dr. Romo

destroyed evidence because it was unfavorable to her position or would harm her case.

AUTHORITY: *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 176-77 (1st Cir. 1998).