# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID CHENG, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:11-cv-10007 |
| | ) |
| LAURA ROMO, M.D., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Laura Romo, M.D. submits the following proposed jury instructions. By proposing the below instructions, Defendant does not state that all such instructions will be appropriate for inclusion in the jury instructions issued by the Court and hereby reserves the right to remove portions of these Proposed Instructions based on the evidence presented at trial. In addition to the standard instructions issued by the Court concerning Evidence in the Case, Direct and Circumstantial Evidence, Credibility of Witnesses, Preponderance of the Evidence, Inferences, Impeachment, Effect of Prior Inconsistent Statement, Jury's Recollection Controls, and The Question is Not Evidence, Defendant requests the following instructions:

1.      In this case, the plaintiff, David Cheng, M.D. is seeking an award of money damages. The Defendant, Laura Romo, M.D. denies that plaintiff is entitled to money damages.

2.      Plaintiff seeks to recover under two separate claims, one brought under a federal statute known as the Stored Communications Act, and one brought under a Massachusetts state statute known as the Massachusetts Privacy Act.

3. The Stored Communications Act states that allows a person "aggrieved by any violation of [the Act] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity . . . which engaged in that violation such relief as may be appropriate". 18 U.S.C. § 2707(a).

4. Thus, in order for you to find a "violation" of the Stored Communications Act, you must first find that Defendant "intentionally exceed[ed] an authorization to access [Plaintiff's email account] and thereby obtain[ed], alter[ed], or prevent[ed] authorized access to a[n] . . . email while it [was] in electronic storage . . . ." 18 U.S.C. § 2701(a).

5. "As used in the [Stored Communications Act] the term 'intentional' is narrower than the dictionary definition of 'intentional.' 'Intentional' means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective. An 'intentional' state of mind means that one's state of mind is intentional as to one's conduct or the result of one's conduct if such conduct or result is one's conscious objective. The intentional state of mind is applicable only to conduct and results. Since one has no control over the existence of circumstances, one cannot 'intend' them." *Blumofe v. Pharmatrak, Inc. (In re Pharmatrak, Inc. Privacy Litig.)*, 329 F.3d 9, 35, (1st Cir. 2003).

6. Therefore, in order for you to find that Defendant violated the Stored Communications Act in accessing Plaintiff's email account you must find that it was Defendant's conscious objective to exceed an authorization to access that email account.

7. Notwithstanding the instructions set forth in Paragraphs four through six above, subsection (a) of the Stored Communications Act "does not apply with respect to conduct authorized: (1) by the person or entity providing a wire or electronic communications service; or (2) by a user of that service with respect to a communication of or intended for that user."

Therefore, if you find that Defendant's conduct in accessing Plaintiff's email account was authorized by the person or entity providing the wire or electronic communications service on which the accessed email messages were stored, or, if you find that Defendant's conduct in accessing Plaintiff's email account was authorized by Plaintiff, you must find that Defendant did not violate the Stored Communications Act.  18 U.S.C. 2701(c).

8. You may find that Defendant's access of Plaintiff's email account was without authorization only if it was not in line with reasonable expectations or expected norms of intended use.  See *Ef Cultural Travel Bv v. Explorica*, 274 F.3d 577, 581 n. 10 (1st Cir. 2001); *see also, United States v. Phillips*, 477 F.3d 215, 219-20 (5th Cir. 2007) ("Courts have therefore typically analyzed the scope of a user's authorization to access a protected computer on the basis of the expected norms of intended use or the nature of the relationship established between the computer owner and the user"); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631, 636 (E.D. Va. 2009) (acknowledging that "courts have generally and sensibly concluded that the scope of an individual's authorization to access a computer network is analyzed "on the basis of the expected norms of intended use" in analyzing claims brought under the Stored Communications Act).

9. If you find that Defendant violated the Stored Communications Act, you "may assess as damages . . . the sum of the actual damages suffered by the plaintiff."  18 U.S.C. § 2707(c).

10. "Actual damages" recoverable under the Stored Communications Act are limited to proven pecuniary or economic harm.  See *FAA v. Cooper*, 132 S. Ct. 1441, 1448-53 (2012); *Brahmana v. Lembo*, No. C-09-00106-RMW, 2010 U.S. Dist. LEXIS 24784, *22 (March 17, 2010, N.D. Cal.).

11.     If, and only if, (*see Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 206 (4th Cir. 2009); *Cornerstone Consultants, Inc. v. Prod. Input Solutions, LLC*, et al., 789 F. Supp. 2d 1029, 1055 (N.D. Iowa, 2011)) you find that Plaintiff is entitled to actual damages under the Stored Communications Act then you must also assess what are known as "statutory" damages under the Act.  18 U.S.C. § 2707(c).

12.     As to the amount of "statutory" damages to be assessed, you must assess the sum of $1,000.  *Id.*  You may also but need not assess an additional $1,000 for each violation by Defendant of the Stored Communications Act.  *See In re Hawaiian Airlines, Inc. v. Konop*, 355 B.R. 225, 232 (D. Haw. 2006).  However, in assessing "statutory damages" you shall not consider the access by Defendant of an individual email message a separate violation of the Stored Communications Act.  *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 428 (S.D.N.Y. 2010) ("Clearly, each accessed email cannot constitute separate violation of the Act, as the SCA specifically targets the unauthorized access of an electronic communication facility. The access of the stored communication is a necessary element of the violation, not an independent violation unto itself.").

13.     In addition, if you find that a Stored Communications Act violation is "willful or intentional" you may also but need not assess punitive damages against Defendant.  18 U.S.C. § 2707(c).  "Willful or intentional" requires proof somewhat greater than gross negligence.  *See Orekoya v. Mooney*, 330 F.3d 1, 10 (1st Cir. 2003).  A "willful or intentional" violation is one "so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'"  *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting *Wisdom v. Department of Hous. & Urban Dev.*, 713 F.2d 422, 425 (8th Cir. 1983), *cert. denied*,

465 U.S. 1021 (1984); *see also Nathanson v. FDIC*, No. 95-1604, 1996 U.S. App. LEXIS 3111, *4-5 (1st Cir., February 22, 1996) (unpublished).

14. In the case of a successful action to enforce liability under this section, the Court may assess the costs of the action, together with reasonable attorney fees determined by the Court.

15. The Massachusetts Privacy Act provides: "A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages." M.G.L. c. 214, §1B.

16. "The Massachusetts Privacy Act establishes 'a right against unreasonable, substantial or serious interference with . . . privacy.' Mass. Gen. Laws ch. 214, § 1B. The statute protects individuals from 'disclosure of facts . . . that are of a highly personal or intimate nature when there exists no legitimate, countervailing interest.'" *Roggio v. City of Gardner*, No. 10-40076-FDS, 2011 U.S. Dist. LEXIS 34731, *22-23 (D. Mass., March 30, 2011) (quoting *Dasey v. Anderson*, 304 F.3d 148, 153-54 (1st Cir. 2002) (quoting *Bratt v. International Bus. Mechs. Corp.*, 392 Mass. 508, 518 (1984) (citations omitted)).

17. The Massachusetts Privacy Act does not "prohibit serious or substantial interferences which are reasonable or justified." *Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 409 Mass. 514, 518 (Mass. 1991).

18. Before you can find that Defendant is liable under the Massachusetts Privacy Act, you must find that Plaintiff had a reasonable expectation of privacy with regard to the emails accessed by Defendant. *Lemire v. Silva*, 104 F. Supp. 2d 80, 93, (D. Mass. 2001) (citing *Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith*, Inc., 409 Mass. 514, 567 N.E.2d 912, 915

(Mass. 1991) and *Peckham v. Boston Herald*, Inc., 48 Mass. App. Ct. 282, 719 N.E.2d 888, 891 (Mass.App.Ct. 1999)).

19.     "[A] person may relinquish a privacy right by engaging in certain activities, or by placing himself in certain contexts where his legitimate expectation of privacy is reduced." *Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 567 N.E.2d 912, 915-16 (Mass. 1991).

20.     That an employer reserves the right to access or inspect an employee's email or work computer is a factor to consider in determining whether an employee has a reasonable expectation of privacy. *See Garrity v. John Hancock Mut. Life Ins. Co.*, No. 00-12143-RWZ, 2002 U.S. Dist. LEXIS 8343, *6-7 (D. Mass, May 7, 2002); *In re Reserve Fund Secs. & Derivative Litig. v. Reserve Mgmt. Co.*, 275 F.R.D. 154, 163-64 (S.D.N.Y. 2011).

21.     Even if Plaintiff had a reasonable expectation of privacy in the emails accessed by Defendant, you can only find Defendant liable under the Massachusetts Privacy Act if Defendant had "no legitimate, countervailing interest" in accessing the emails. *Dasey v. Anderson*, 304 F.3d 148, 153-54 (1st Cir. 2002) (quoting *Bratt v. International Bus. Mechs. Corp.*, 392 Mass. 508, 518, 467 N.E.2d 126 (1984) (citations omitted)).

22.     An employer has a "legitimate business interest in protecting its employees from harassment in the workplace." *Garrity v. John Hancock Mut. Life Ins. Co.*, No. 00-12143-RWZ, 2002 U.S. Dist. LEXIS 8343, *6-7 (D. Mass, May 7, 2002).

23.     "Both Title VII of the Civil Rights Act of 1964 and M.G.L. c. 151B require employers to take affirmative steps to maintain a workplace free of harassment and to investigate and take prompt and effective remedial action when potentially harassing conduct is discovered." *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 141 L. Ed. 2d 662, 118 S. Ct. 2275

(1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 141 L. Ed. 2d 633, 118 S. Ct. 2257 (1998); *College-Town, Div. of Interco, Inc. v. Mass. Comm'n Against Discrimination*, 400 Mass. 156, 163-167, 508 N.E.2d 587 (1987); *see also Autoli ASP, Inc. v. Dep't of Workforce Services*, 2001 UT App 198, 29 P.3d 7, 12-13 (Utah App. Ct. 2001) ("e-mail transmission of sexually explicit and offensive material such as jokes, pictures, and videos, exposes the employer to sexual harassment and sex discrimination lawsuits . . . .").

24. "Advanced [Radiology, Inc.] is a close corporation, acting like a partnership." *Romo v. Klufas*, C.A. No. PB-08-7204, 2012 R.I. Super. LEXIS 188, *44 (R.I. Super. Ct., December 7, 2012). "[Roman] Klufas[, M.D.] owed a duty of candor to [Defendant]." *Id.* In the partnership context, the duty of disclosure is 'a hallmark of the fiduciary relationship.'" *Id.* (citing Alan R. Bromberg & Larry E. Ribstein, Bromberg and Ribstein on Partnership §§ 6.05-.06 (2006). "Closely related to this duty is a partner's access to books." *Id.* "A managing partner who controls the books has an affirmative duty to disclose the details." *Id.* "In the less rigorous corporate context: "'Even in the absence of a request for shareholder action, shareholders are entitled to honest communication from directors, given with complete candor and in good faith.'" *Id.* (quoting *In re Citigroup Inc. Shareholder Derivative Litigation*, 964 A.2d 106, 132 (Del. Ch. 2009) (citations omitted).

25. In a close corporation, "[O]ppressive conduct can manifest itself in a range of actions designed to disadvantage or freeze out a minority shareholder." *Id.* (citing *Hendrick v. Hendrick*, 755 A.2d 784, 791 (R.I. 2000).

26. If you find that Defendant is liable under the Massachusetts Privacy Act, you may award Plaintiff damage for "(a) the harm to his interest in privacy resulting from the invasion;

7

and (b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion". RESTATEMENT (SECOND) OF TORTS § 652H, (1977).

27. With regard to any damages for harm to Plaintiff's interest in privacy resulting from the invasion, Plaintiff may recover for the harm resulting to his reputation from the publicity. *Id.*, cmnt. A. However, you shall not consider or award damages to Plaintiff for any harm suffered resulting from the disclosure of his emails in the civil action brought by Defendant's husband, John D. Romo, M.D. against Advanced Radiology, Inc. and Roman A. Klufas in Rhode Island Superior Court. *See Shirokov v. Dunlap, Grubb & Weaver PLLC*, Civil Action No. 10-12043-GAO, 2012 U.S. Dist. LEXIS 42787, *61 (D. Mass., March 1, 2012) ("The litigation privilege applies not only to statements by attorneys but also to communications by a party as long as the other conditions for the privilege are present.") (citing *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 242, 897 N.E.2d 82 (2008).

28. Also, you shall not consider or award damages to Plaintiff for any harm suffered resulting from the disclosure of his emails as part of pretrial discovery or at the trial of this case. *Id.*

29. In order to recover damages for mental distress Plaintiff's mental distress must be proved to have been suffered, of a kind that normally results from such an invasion", and normal and reasonable in its extent." RESTATEMENT (SECOND) OF TORTS § 652H, (1977), cmnt. b.

LAURA ROMO, M.D.,

By her attorneys,

/s/ Joseph V. Cavanagh, III
Karen A. Pelczarski  (BBO No. 547667)
Joseph V. Cavanagh, III (BBO No. 657671)
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, RI  02903-1765
Telephone:  (401) 831-8900
kap@blishcavlaw.com
jvc3@blishcavlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 12, 2013.

/s/ Joseph V. Cavanagh, III