**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
DAVID CHENG, M.D.,                      )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )     Civil Action No.:  1:11-cv-10007
                                        )
LAURA ROMO, M.D.,                       )
                                        )
                    Defendant.          )
_____ )

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE DEFENDANT FROM REFERENCING CLAIMS AT ISSUE IN PENDING
RHODE ISLAND LITIGATIONS**

For the reasons set forth below, Defendant Laura Romo, M.D. opposes Plaintiff David

Cheng, M.D.'s Motion in Limine to Preclude Defendant From Referencing Claims at Issue in

Pending Rhode Island Litigations.  Plaintiff asks for a sweeping and drastic preclusion order

because a primary defense of Romo in the instant case is that she acted reasonably under the

circumstances and with authorization in accessing Plaintiff's email account.  Under both counts

pressed by Plaintiff, under the federal Stored Communications Act ("SCA") and Massachusetts

Privacy Act ("Privacy Act"), respectively, Romo enjoys a complete defense to liability if she can

demonstrate that she acted reasonably or within expected norms in accessing Plaintiff's email

account.  As to the SCA, s*ee Ef Cultural Travel Bv v. Explorica*, 274 F.3d 577, 581 n. 10 (1st

Cir. 2001); *see also, United States v. Phillips*, 477 F.3d 215, 219-20 (5th Cir. 2007) ("Courts

have therefore typically analyzed the scope of a user's authorization to access a protected

computer on the basis of the expected norms of intended use or the nature of the relationship

established between the computer owner and the user"); *Global Policy Partners, LLC v. Yessin*,

686 F. Supp. 2d 631, 636 (E.D. Va. 2009) (acknowledging that "courts have generally and sensibly concluded that the scope of an individual's authorization to access a computer network is analyzed "on the basis of the expected norms of intended use" in analyzing claims brought under the Stored Communications Act).  As to the Privacy Act, where the defense is alternatively expressed as a showing that a defendant had a "legitimate, countervailing interest" in accessing the emails, *see Dasey v. Anderson*, 304 F.3d 148, 153-54 (1st Cir. 2002) (quoting *Bratt v. International Bus. Mechs. Corp.*, 392 Mass. 508, 518, 467 N.E.2d 126 (1984) (citations omitted)); *see also Garrity v. John Hancock Mut. Life Ins. Co.*, No. 00-12143-RWZ, 2002 U.S. Dist. LEXIS 8343, *6-7 (D. Mass, May 7, 2002).

The claims at issue in the Rhode Island litigations center on Romo's being marginalized and, ultimately, frozen-out from the management and affairs of Advanced Radiology, Inc. ("Advanced Radiology"), a Rhode Island close corporation in which she is a minority shareholder.  Those claims and the factual allegations supporting them provide the context within which Romo accessed Plaintiff's email account.  For example, below is a recitation of pertinent factual allegations from the Complaint in the matter *Laura Romo, M.D. v. Roman A. Klufas, M.D. and Advanced Radiology, Inc.,* C.A. No. 08-7204 (R.I. Super. Ct.):

> 17.     Klufas (a fellow shareholder of Romo's in Advance Radiology) has failed and refused to provide Romo with any accounting, information, or explanation as to how such periodic payments are determined or calculated.
> 18.     Klufas manages the financial affairs of Advanced Radiology and makes decisions regarding the allocations of shared rent, overhead, and other expenses between Advanced Radiology and Open MRI to the exclusion of Romo and, upon information and belief, other shareholders of Advanced Radiology.
> 19.     Klufas has failed and refused to provide Romo with any accounting, information, or explanation as to how the foregoing expenses are allocated between Advanced Radiology and Open MRI.
> 20.     In or about July 2007, Romo's husband, John Romo, M.D., a physician who at that time was also employed by Advanced Radiology, discovered that Advanced Radiology had accounts receivable in excess of $4.2 million.

21.    Thereafter, Klufas barred John Romo, M.D. from working on Advanced Radiology's billing, and Klufas failed and refused to provide information to Romo regarding the status of the accounts receivable.

22.    In or about February 2008, Klufas instituted decreases in the salaries of Advanced Radiology personnel, and in May 2008, he instituted a salary decrease for John Romo, M.D. which was disproportionate to decreases for other physicians and/or staff.

23.    Since the third quarter of 2007, Advanced Radiology has not made any quarterly profit distributions to Romo.

24.    In or about early 2008, the periodic transfers from Open MRI to Advanced Radiology began to decrease and, upon information and belief, those decreases in transfers exceeded the levels of any decreases in the amount of work physicians at Advanced Radiology were performing on behalf of Open MRI.

*See* Complaint in Laura Romo, M.D. *v. Roman A. Klufas, M.D. and Advanced Radiology, Inc.,* C.A. No. 08-7204 (R.I. Super. Ct.) at 3, attached as Exhibit J to the Affidavit of Joseph Cavanagh, III, Esq. filed in connection with Defendant's Motion for Summary Judgment (Document 20-2).

Each of these claims tracks precisely the same factual backdrop that will support Romo's defense in this action.  The conduct alleged in these averments occurred exactly contemporaneously with Romo's access of Plaintiff's emails in late 2007 and early 2008.  To strip Romo of the ability to reference them at the upcoming trial would be highly prejudicial to her defense as it would deny her altogether the ability to "tell her side of the story" and preclude her from presenting what constitutes the very heart of her defense.  (Again, her side of story, if accepted as reasonable by the jury, provides a complete defense to both of Plaintiff's counts.)  Similarly, the events leading up to the termination of John D. Romo, M.D. from Advanced Radiology, which is the subject of the civil action *Romo v. Advanced Radiology, Inc. and Roman A. Klufas, M.D.*, C.A. No. 09-0129 (R.I. Super. Ct.), also contributed to and provide the background for her decision to access Plaintiff's emails, including his being placed on probation in September of 2007 and, later relieved of management duties.  In order to properly assess Romo's defense by considering the reasonability and legitimacy of her conduct, the jury must be

permitted to hear her rationale.  In sum, while permitting this evidence would only be "prejudicial" to Plaintiff insofar as it would deny him the opportunity to present his case without having to deal with one of Romo's primary defenses, to bar the evidence would greatly prejudice Romo by wholly denying her the ability to present a substantive defense.

Further, Plaintiff's argument that presentation of claims at issue in the Rhode Island litigation risks confusion unreasonably discounts the jury's ability to appreciate the issues before it and fails to acknowledge the clear conceptual distinctions between the nature of the claims in the instant suit versus those in the Rhode Island litigations.  Romo here has been sued for allegedly illegally accessing Plaintiff's email account.  In Romo's state court lawsuit against Advanced and Roman A. Klufas, M.D. she affirmatively seeks damages for being forced or frozen out of her former employer.  In Romo's husband's suit he challenges his termination from Advanced.  How a jury constituted of competent adults of ordinary intelligence could fail to keep conceptually distinct the former case from the latter two is difficult to imagine.  In fact, considering that the emails at issue in the instant case first surfaced in discovery in Romo's husband's employment suit, a genuine risk of confusion would arise if the jury was denied the benefit of an explanation of the litigation background at-play.

For these reasons, Romo respectfully requests that Plaintiff's Motion in Limine to Preclude Defendant From Referencing Claims at Issue in Pending Rhode Island Litigations be denied.

LAURA ROMO, M.D.,

By her attorneys,

/s/ Joseph V. Cavanagh, III
Karen A. Pelczarski  (BBO No. 547667)
Joseph V. Cavanagh, III (BBO No. 657671)
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, RI  02903-1765
Telephone:  (401) 831-8900
kap@blishcavlaw.com
jvc3@blishcavlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 12, 2013.

/s/ Joseph V. Cavanagh, III